UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRES FELIPE VARGAS MONSALVE,<br><br>Petitioner,<br><br>v.<br><br>CHRISTOPHER CHESTNUT et al.,<br><br>Respondents. | No. 1:26-cv-00626-DAD-CKD<br><br><u>ORDER GRANTING PETITIONER'S WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT</u><br><br>(Doc. Nos. 1, 2) |

On January 26, 2026, petitioner filed a petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2241 and a motion for temporary restraining order. (Doc. Nos. 1, 2.) On the same day, the court issued an order directing respondents to "substantively address whether any provision of law or fact in this case would distinguish it from this court's decision in *O.A.C.S. v. Wofford*, No. 1:25-cv-01652-DAD-CSK (HC), 2025 WL 3485221 (E.D. Cal. Dec. 4, 2025), *Perez v. Albarran*, No. 1:25-cv-01540-DAD-CSK (HC), 2025 WL 3187578 (E.D. Cal. Nov. 14, 2025), and other similar cases previously decided by this court, or otherwise indicate that the matter is not substantively distinguishable." (Doc. No. 4.)

On January 28, 2026, respondents filed an opposition. (Doc. No. 8.) Respondents argue therein that this case is distinguishable from *O.A.C.S.* and *Perez* because here petitioner was re-

1

1  detained when immigration officials discovered during a routine check-in that petitioner had been
2  arrested for driving under the influence, whereas the petitioner in *O.A.C.S.* was re-detained for
3  missed video calls and photo check-ins, and the petitioner in *Perez* did not violate any of her
4  release conditions. (*Id.* at 1–2.) Respondents also submit as to the petition for writ of *habeas*
5  *corpus* on their briefing submitted in connection with petitioner's motion for temporary
6  restraining order and. (*Id.* at 2.)

7  In support of the petition for writ of *habeas corpus*, motion for temporary restraining
8  order, and opposition thereto, the parties present evidence of the following.

9  Petitioner is a citizen of Columbia who entered the United States where he was briefly
10 detained by the Department of Homeland Security on December 15, 2024. (Doc. No. 2-3 at 4.)
11 On the same day, petitioner was released by immigration authorities on his own recognizance and
12 issued a notice to appear in which he was charged as removable under § 212(a)(6)(A)(i), codified
13 at 8 U.S.C. § 1182(a)(6)(A)(i). (*Id.* at 19.) On November 18, 2025, petitioner was re-detained by
14 ICE officers during a scheduled appointment after it was discovered that petitioner had been
15 arrested for driving under the influence on October 27, 2026. (*Id.* at 6; Doc. No. 8-1 at 2.) On
16 December 11, 2025, an immigration judge ("IJ") denied petitioner's request for custody
17 redetermination on the grounds that the IJ lacked jurisdiction over petitioner's request. (Doc. No.
18 8-1 at 21.)

19 Respondents argue that petitioner's motion and petition should be denied on two grounds:
20 (1) Petitioner is an applicant for admission and is therefore mandatorily detained under
21 § 1225(b)(2) of the Immigration and Nationality Act; and (2) ICE lawfully exercised its discretion
22 to re-detain petitioner because he violated the conditions of his release. (Doc. No. 8 at 3–4.) The
23 court finds respondents' arguments to be unpersuasive.

24 As to the first argument, respondents acknowledge that district courts have repeatedly
25 rejected the position on mandatory detention that respondents advance in their opposition. (*Id.* at
26 4 n.1.) Moreover, respondents previously released petitioner from custody on his own
27 recognizance under § 1226(a), so the government "cannot simply switch tracks from § 1226(a) to
28 § 1225(b)(2)" and argue that petitioner is now subject to mandatory detention. *Oliveros v.*

*Kaiser*, No. 25-cv-07117-BLF, 2025 WL 2677125, at *4 (N.D. Cal. Sept. 18, 2025) (internal quotation marks omitted); *see also Salcedo Aceros v. Kaiser*, No. 25-cv-06924-EMC, 2025 WL 2637503, at *8–9 (N.D. Cal. Sept. 12, 2025) (collecting cases and rejecting a similar argument where the petitioner was initially released from immigration custody under identical circumstances). Therefore, the court rejects respondents' argument that petitioner is subject to mandatory detention.[1]

As to the second argument, respondents provide no legal authority in support of the proposition that petitioner's DUI arrest justifies re-detaining him without prior notice or a pre-detention hearing. The court is unconvinced that the violation of release conditions here is meaningfully different from the alleged violations that resulted in the petitioner in *O.A.C.S.* being re-detained. Accordingly, the court adopts the reasoning outlined in the court's prior order in *O.A.C.S.* and concludes that petitioner's detention violates due process. *Cf. Elias C.M. v. Warden of Golden State Annex Det. Facility*, No. 1:25-cv-02043-TLN-EFB, 2026 WL 127612, at *3 (E.D. Cal. Jan. 16, 2026) (finding that the petitioner who was originally released on parole and then re-detained without prior notice or a hearing because he was arrested for misdemeanor spousal battery had a protected liberty interest in remaining out of custody and all of the *Mathews* factors weighed in favor of both releasing the petitioner from immigration custody and requiring notice and a pre-deprivation hearing before an immigration judge before re-detaining the petitioner).

Accordingly, for the reasons explained above,

1. Petitioner's petition for writ of *habeas corpus* (Doc. No. 1) is GRANTED as follows:

    a. Respondents are ORDERED to immediately release petitioner from respondents' custody;

/////

---

[1] Although not raised by respondents, the court notes that petitioner would also not be subject to mandatory detention under 8 U.S.C. § 1226(c) because "misdemeanor DUI offenses generally do not trigger mandatory detention under that provision." *Solis-Becerril v. Noem*, No. 3:25-cv-3002-JES-JLB, 2025 WL 3228312, at *2 (S.D. Cal. Nov. 19, 2025); *see also Llanes Tellez v. Bondi*, No. 25-cv-08982-PCP, 2025 WL 3677937, at *2 (N.D. Cal. Dec. 18, 2025) (noting that driving under the influence is not included in the list of offenses that mandate detention under § 1226(c)).

      b.    Respondents are ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, where respondents will have the burden of establishing that petitioner presents a flight risk or danger to the community;

      c.    Petitioner's request for attorneys' fees and costs pursuant to 28 U.S.C. § 2412 is DENIED without prejudice to renewal on a properly noticed and supported motion seeking such fees and costs.

2. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED as having been rendered moot by this order;

3. The Clerk of the Court is directed to ENTER judgment in favor of petitioner; and

4. The Clerk of the Court is directed to CLOSE this case.

IT IS SO ORDERED.

Dated: **January 29, 2026**

                                              DALE A. DROZD
                                              UNITED STATES DISTRICT JUDGE